IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TED PALLADENO, et al.,**

    **Plaintiffs,**

    v.                                          Civil Action 2:16-cv-1126
                                                         Judge Michael H. Watson
                                                         Magistrate Judge Jolson

**GARY C. MOHR, et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1), Motion To Certify Class (Doc. 3), Motion to File Portions of the Complaint Under Seal (Doc. 4), Motion for Preliminary Injunction and Prisoner Release Orders (Doc. 5), and Motion to Appoint Counsel (Doc. 6). In addition, this matter is before the undersigned for an initial screen pursuant to 28 U.S.C. § 1915A(a). For the foregoing reasons, Plaintiff's *in forma pauperis* Motion (Doc. 1) and Motion to Seal (Doc. 4) are **GRANTED**, and his Motion to Appoint Counsel (Doc. 6) is **DENIED**. It is also **RECOMMENDED** that all plaintiffs other than Plaintiff himself be dismissed from this action, and Plaintiff's Motion to Certify Class (Doc. 3) and Motion for Preliminary Injunction and Prisoner Release Orders (Doc. 5) be **DENIED**. Finally, the Plaintiff is **DIRECTED** leave to file an amended complaint within 30 days of this Order.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is **GRANTED**. (Doc. 1). Plaintiff is assessed the full amount of the Court's $350.00 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's supporting documents reveal that he currently possesses an insufficient amount to pay the full filing fee. The custodian of Plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account for the six (6) months immediately preceding the filing of the complaint. If Plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed shall be collected from Plaintiff's account when such funds become available. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bring a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Once the initial partial filing fee is paid, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account if, during that month, the balance of that account exceeds $10.00, until the full fee of $350.00 has been paid. 28 U.S.C. § 1915(b)(2). If Plaintiff is transferred to another prison, the custodian should forward this Order to that institution so that the new custodian of Plaintiff's account can collect and remit the monthly partial payment.

**Checks are to be made payable to:**

Clerk, U.S. District Court

**Checks are to be sent to:**

Prisoner Accounts Receivable
Joseph P. Kinneary United States Courthouse
Room 121
85 Marconi Blvd.
Columbus, OH 43215

The prisoner's name and case number must be noted on each remittance.

Accordingly, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN, MOTION TO CERTIFY CLASS, AND MOTION FOR PRELIMINARY INJUNCTION

Because Plaintiff, a prisoner, seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, "or any portion of the complaint," if it determines that the complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Court is unable to address the merits of Plaintiff's individualized claim because he attempts to bring this case as a class action. The Sixth Circuit has made clear that prisoners proceeding *pro se* may not represent other prisoners in federal court. *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (stating that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class"); *see also Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (affirming district court's refusal to certify a class action proposed by a *pro se* plaintiff inmate because "*pro se* prisoners are not able to represent fairly the class"); *Corn v. Sparkman*, No. 95-5494. 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot

3

bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.").

Thus, Plaintiff may pursue only his individualized claim in this case. Therefore, it is **RECOMMENDED** that all purported plaintiffs, other than Plaintiff Ted Palladeno, be **DISMISSED** from this action. For the same reason, it is **RECOMMENDED** that Plaintiff's Motion to Certify Class (Doc. 3) and Motion for Preliminary Injunctions and Prisoner Release Orders be **DENIED** (Doc. 5).

### III. MOTION TO APPOINT COUNSEL

Plaintiff has also filed a Motion to Appoint Counsel. Since this action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim, *see Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985), the Motion to Appoint Counsel is **DENIED**. (Doc. 6).

### IV. MOTION TO SEAL

Plaintiff has also filed a Motion to Seal. The Court finds that a seal is appropriate given that the complaint, as filed, is not permitted to proceed on behalf of anyone other than Plaintiff, and much of the complaint pertains to other individuals. Plaintiff's amended complaint, when it is filed and contains only his claims, shall be part of the public record. Thus, the Motion to Seal is **GRANTED**. (Doc. 4).

### V. PLAINTIFF'S AMENDED COMPLAINT

Because the class allegations in the complaint are pervasive, the Court is unable to decipher Plaintiff's individualized claim. As such, Plaintiff is hereby **DIRECTED** to file an

4

amended complaint consistent with this Order.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, that complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought, which may include relief in the alternative or different types of relief.  The amended complaint **must be filed within 30 days or this case may be dismissed**.  This Court shall conduct an initial screening of Plaintiff's individualized claim upon receipt of the amended complaint.  If this matter proceeds, the Court shall then direct service of summons and complaint on Defendants.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Procedure on Objections to Order**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: November 30, 2016 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE