UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Ted Palladeno, et al.,** | : | Case No. 3:18-cv-01352 |
| | : | |
| Plaintiffs, | : | **Judge Helmick** |
| | : | |
| v. | : | **Magistrate Judge Knepp** |
| | : | |
| **Gary Mohr, et al.,** | : | |
| | : | |
| Defendants. | : | |

**INTERESTED PARTY THE STATE OF OHIO'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT (Doc. 24)**

Although Gary Mohr, Roger Wilson, Robert Hammond, Dr. John Desmarais, Brian Wittrup, Cynthia Mausser, Ginny Lamnek, Kimberly Clipper, Kevin Jones, Donald Morgan, John Coleman, and Terry Collins ("named defendants"),[1] have been named as defendants in this putative class action, they have not been served. Accordingly, as an Interested Party, the State of Ohio moves the Court to dismiss Plaintiff Ted Palladeno's ("Plaintiff") Amended Complaint (Doc. 24) pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) for failure to serve, failure to prosecute, failure to comply with the Court's orders, and failure to state a claim upon which relief can be granted. A memorandum in support is attached.

---

[1] Under R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, Plaintiff is suing current or former state employees and state agents which constitutes the State's interest. Accordingly, the State of Ohio is providing notice to the Court and to the parties of the limited appearance of Assistant Attorney General Mindy Worly as trial counsel and filing this motion to dismiss on the State of Ohio's behalf. Effective immediately, all pleadings and correspondence should be directed to the undersigned at the street address, email address and telephone numbers set forth below.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov
*Trial Attorney for Interested Party, State of Ohio*

**MEMORANDUM**

**I.     Introduction**

On August 23, 2018, Plaintiff filed a 64-page, 84 Count putative class action Amended Complaint ("Complaint") purporting to seek declaratory, injunctive and monetary relief on behalf of more than 100 class representatives, prisoners who insist that while being held in Ohio's Protective Control Units they are being deprived of various rights secured under the United States Constitution, including such things as the right to smoke. Doc. 24, PageID 287.

Plaintiff's lengthy Complaint goes into exquisite detail regarding the alleged shortcomings befalling protective control inmates incarcerated in Ohio. In so doing, Plaintiff's meticulous articulation renders the fact that he has repeatedly failed to obtain proper service over any of the named defendants, much less complied with the Court's orders to do the same, even more jarring. Docs. 29, 31 and 32. Because Plaintiff's manner of service does not comply with this Court's rules, neither is service effective nor has Plaintiff complied with the Court's orders to perfect service by a date certain or show cause why this case should not be dismissed for want of prosecution. *Id.* Accordingly, Plaintiff's Complaint should be dismissed.

**II.    Law and Argument**

    **A.   Plaintiff Has Failed To Perfect Service In Accordance With This Court's Orders**

In the present case, the shipping label receipts filed with the Court on November 5, 2018 reflect that unsigned summonses were mailed by the Law Office of Eric Allen to the named defendants on November 5, 2018. Doc #: 32, PageID 316-345. By contrast, proper service on individuals within a judicial district of the United States must conform to Fed. R. Civ. P. 4(e), which provides:

3

> "Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or … (2)(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e). In the present case, there is no indication that service has been waived. Therefore, service can only be made through one of the methods provided in Rule 4(e).

Certainly Rule 4(e) allows service to be made in accordance with state law. And pursuant to Ohio law, service may be effectuated by certified or express mail service which lists the clerk of court as the sender. Ohio R. Civ. P. 4.1. It is therefore not surprising that Rule 4.2 of the Local Rules of this Court essentially adopts the Ohio rule for certified mail service. In doing so Rule 4.2(a) requires that the Clerk, not plaintiff's counsel, mail the summons and complaint. Rule 4.2(a) further requires that the Clerk verify the contents of the envelope prior to mailing. Likewise, Rule 4.2(b) requires that the Clerk enter the fact of mailing on the appearance docket and make a similar entry when a return receipt is received.

By contrast with Rule 4's service prerequisites, Plaintiff did not serve the summons and complaint by certified or express mail. Since copies of the summons and complaint were not mailed by the Clerk, there was no verification of the contents of the mailing. Nor could the fact of mailing be entered on the appearance docket. It should therefore come as no surprise that the Court's docket sheet reads "FILING ERROR-Return of Service by regular mail."

Although Ohio law contemplates service of process **may be obtained** by way of *certified mailing*, to obtain service in federal court civil actions such mailing *must* be completed through the Clerk. *Schlueter v. Bethesda healing Ministry,* Case No. 2:17-cv-1055, 2018 U.S. Dist.

4

LEXIS 48982 (S.D. Ohio 2018).  Yet, inexplicably disregarding Rule 4.2's mandatory requirements, the attorney of record in this case not only independently mailed copies of the summons and of the complaint to the named defendants without the required involvement of the Clerk, but also he sent them by ordinary mail.

Of course the mandatory requirements of Rule 4.2 are not non-substantive formalities. To the contrary, the Rule has very substantive applications.  For instance, in this case there was no verification of the contents of the mailing, nor is there any verification that the mailings were ever received.  The decision in *Becker v. Wilkinson,* Case No. 2:05-CV-908, 2006 U.S. Dist. LEXIS 95826 (S.D. Ohio 2006), is instructive regarding a plaintiff's cavalier attitude toward the significance of Rule 4.2's requirements. In *Becker,* plaintiff filed with the court a Proof of Service averring that defendants had been served by certified mail. However, instead of following the mandated requirements of Local Rule 4.2, the attachments to plaintiff's Proof of Service showed that he had attempted to serve defendants by certified mail independently and without involvement of the Clerk. Consequently, the court found plaintiff had failed to serve defendants in compliance with Local Rule 4.2. *Id.,* at * 6 (citing *Carter v. Hurley,* Case No. 2:05-cv-807, 2005 U.S. Dist. LEXIS 44930 (S.D. Ohio Nov. 8, 2005).

Having found no good service, the *Becker* court nonetheless considered whether plaintiff had demonstrated good cause for this lapse. A finding of good cause for an extension of time in which to serve a defendant is a matter of discretion entrusted to the district court. *Id.* (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991)). To demonstrate good cause, a plaintiff must show at least excusable neglect. *Stafford v. Franklin County, supra,* at *8 (citing *Stewart v. TVA,* Case No. 99-5723, 2000 U.S. App. LEXIS 29904, at *3 and *Moncrief v. Stone,* 961 F.2d 595, 597 (6th Cir. 1992)).

Trying to justify his failure to follow the mandates of Rule 4.2, the plaintiff in *Becker* not only argued that he had served defendants to the best of his "ability and means, as an incarcerated person, knowledge, belief and information," but also he asked the court to factor in account his *pro se* status. *Becker v. Wilkinson,* 2006 U.S. Dist. LEXIS 95826, at * 9. However, the court ruled, neither of these arguments constitute good cause for failure to properly effectuate service. *Id.* Indeed, mere inadvertent failure is insufficient to constitute good cause. *Id.* See also *Thurman v. GTE,* 1998 U.S. App. LEXIS 2132, at *2-3 (6th. Cir. Feb. 10, 1998) (citing *Friedman,* 929 F.2d at 1157). Similarly, *pro se* status does not relieve a plaintiff of his obligation to properly complete the service of the summons and of the complaint as required by the Federal Rules of Civil Procedure. *Becker v. Wilkinson,* 2006 U.S. Dist. LEXIS 95826, at *10. See also *Sayyah v. Brown County Bd. of Comm'rs,* 2005 U.S. Dist. LEXIS 15225, at *17 (S.D. Ohio 2005). Therefore, the court concluded, plaintiff had failed to demonstrate good cause for his failure to properly serve process on the defendants. *Id.*

Although it had found no good cause for an extension of time, the *Becker* court nonetheless decided to allow this pro se plaintiff one last opportunity to properly complete service. *Id.* See also *Osborne,* 217 F.R.D. at 408; *McDowell v. Distel,* Case No. 1:14-cv-780, 2015 Dist. LEXIS 159258 (S.D. Ohio 2015). In determining whether to extend the time for service, the *Becker* court considered: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process. *Id.*, at * 10-11 (citing *Stafford v. Franklin County, supra,* at *9-10; *Nehls v. Hillsdale College,* No. 1:03-CV-

6

140, 2004 U.S. Dist. LEXIS 8588, at *15 (W.D. Mich., February 20, 2004); *Vergis,* 199 F.R.D. at 218; and *Wise v. Dep't of Defense,* 196 F.R.D. 52, at 54-57 (S.D. Ohio 1999) (J. Rice)). Weighing these factors, the *Becker* court decided to grant the pro se plaintiff a modest extension of time in which to properly serve the summons and complaint on each defendant. *Id.*

Substantively, this case is no different than was *Becker* and the cases cited therein. Here, the attorney failed to follow Rule 4.2's mandated procedures. Accordingly, the service he attempted was neither proper nor complete. *Lucas v. Desilva Auto. Servs.,* Case No. 1:16-cv-790, 2017 U.S. Dist. LEXIS 7102, at * 5 (S.D. Ohio 2017) ("Without making any judgment on the validity of Plaintiff's prior service in any case, the undersigned finds the service requested by Plaintiff to be inappropriate under both Local Rule 4.2 and relevant case law"). And as the *Becker* court concluded, neither lack of knowledge nor inadvertence constitutes good cause for failure to properly effectuate service. *Becker v. Wilkinson,* 2006 U.S. Dist. LEXIS 95826, at * 10. Since the named defendants have not been served in accordance with Rule 4.2, since Plaintiff has failed to comply with this Court's orders to perfect service, and since pursuant to case law there is no good cause for Plaintiff's failure to perfect service in accordance with this Court's orders, the Complaint should be dismissed.

### B. The Summons Is Similarly Defective

Furthermore, the summons independently mailed to the named defendants by Plaintiff's counsel likewise failed to conform to the requirements of Rule 4(b) because they lacked both the signature of the Clerk of Court and the seal of the Court. Notably, Rule 4(b) provides, in part, that "the summons shall be signed by the clerk, [and] be under the seal of the court." Mindful that plaintiffs should not be denied their day in court because of a technical oversight, courts tend to liberally grant amendments to cure defective process. *See Macaluso v. New York State*

*Department of Environmental Conservation,* 115 F.R.D. 16, 17 (E.D.N.Y. 1986); *Great Plains Crop Management, Inc. v. Tryco Manufacturing Co.,* 554 F. Supp. 1025, 1028 (D. Mont. 1983); *e.g. Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373, 15 L. Ed. 2d 807, 86 S. Ct. 845 (1966).

Accordingly, minor flaws, such as the absence of an impressed seal on a photographic copy of the summons, are not considered fatal to process. *Kramer v. Scientific Control Corp.,* 365 F. Supp. 780, 788 (E.D. Pa. 1973). Defects, however, that result in prejudice to a defendant or reflect a party's disregard for the requirements of the federal rules are generally not considered curable by amendment. *See Macaluso v. New York State Department of Environmental Conservation,* 115 F.R.D. at 18; *Gianna Enterprises v. Miss World (Jersey), Ltd.,* 551 F. Supp. 1348 (S.D.N.Y. 1982); *United Food & Commercial Workers Union v. Alpha Beta,* 550 F. Supp. 1251, 1255 (N.D. Cal. 1982).

Plaintiff's failure to serve each of the named defendants with a signed and sealed summons cannot be regarded as a mere oversight that warrants perfunctory amendment. *United States v. Nat'l Muffler Mfg., Inc.,* 125 F.R.D. 453, 455 (S.D. Ohio 1989). The provisions of Rule 4(b) are designed to assure a defendant that the summons was issued by the clerk of court and not by a plaintiff or a plaintiff's attorney. *Id*. (citing *Kramer v. Scientific Control Corp.,* 365 F. Supp. 780, 788 (E.D. Pa. 1973)). As the district court in *Gianna Enterprises* commented:

> The very existence of Rule 4(b) counsels that a defendant should not be made to answer a summons and complaint without first being given proper notice of the nature of the suit and being assured that the summons properly issues from a court.

551 F. Supp. at 1358.

Here, Plaintiff's counsel independently mailed the named defendants unsigned and unsealed copies of the summons, thereby providing no assurance of validity. In light of

8

Plaintiff's counsel's apparent disregard for the requirements of Rule 4, the Court should decline to amend the summons to conform to the Federal Rules of Civil Procedure. *United States v. Nat'l Muffler Mfg., Inc.,* 125 F.R.D. at 455. Instead, the Complaint should be dismissed for ineffective service of process. *Richardson v. Tennessee,* No. 13-2482-JDT-dkv, 2014 U.S. Dist. LEXIS 25273 (W.D. Tenn. 2014) (finding no summons had been issued in accordance with Rule 4(b) of the Federal Rules of Civil Procedure, plaintiff's complaint was dismissed for ineffective service of process).

### C. The Case Should be Dismissed For Failure to Prosecute

The Court's inherent authority to dismiss a plaintiff's action because of his failure to prosecute or comply with rules or court orders is expressly recognized in Rule 41(b), which provides: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41 (b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT &T*, 176 F.3d 359, 363 (6th Cir. 1999). Thus, "it is well-settled that the district court can enter a suo sponte order of dismissal under Rule 41 (b)." *Rogers v. City of Warren*, 302 Fed. App'x. 371, 375 n. 1 (6th Cir. 2008).

The United States Court of Appeals for the Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41 (b):

1) Whether the party's failure is due to willfulness, bad faith, or fault;

2) Whether the adversary was prejudiced by the dismissed party's conduct;

3) Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

    4) Whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Schafer,* 529 F.3d at 737 (quoting *Knoll,* 176 F.3d at 363).

Here the record clearly demonstrates not only Plaintiff's delay and contumacious conduct, but also that he has been warned. Indeed, Plaintiff has repeatedly failed to perfect service in this case, originally filed on November 28, 2016. For instance, on October 9, 2018 Plaintiff was ordered to perfect service within two weeks of the order or show cause why the case should not be dismissed for want of prosecution. Doc. 29. Yet, no service was obtained. Likewise, on October 24, Plaintiff was again ordered to perfect service, this time by November 6, 2018. Yet, to date no service has been perfected.

Procedurally, this case has been kicking around the Court's docket since November, 2016. Substantively, the case is unwieldy, both in the class it is attempting to represent and in the claims it purports to assert. Moreover, since much of the Complaint seeks relief pursuant to § 1983 for claims for which no prisoner has a constitutional or statutory entitlement, at least portions of the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief.[2]

---

[2] For instance, inmates have no constitutional right to an effective grievance system. *Keenan v. Marker*, 23 F. App'x. 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, as there is no inherent constitutional right to an effective grievance procedure). Nor does a prisoner have a statutory right to an interstate transfer, *Martin v. Mohr,* 3:16-cv-2807, 2018 U.S. LEXIS 108329 (N.D. Ohio 2018), or to avoid co-pays for medical, dental or optical care so long as he is not indigent . *Anderson v. Less,* No. 14-3167, 2014 U.S. App. LEXIS 25015 (6th Cir. 2014) (requiring an inmate to pay for his own medical treatment by budgeting his monthly income is not unconstitutional). Likewise, the fact that an inmate is sharing a cell originally designed for one prisoner does not rise to the level of an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) ("Double celling" made necessary by unanticipated increase in prison

It appears this case has not been screened. But to avoid any further waste of this Court's time or of the State of Ohio's limited resources, since no service has been perfected and there is no good cause for Plaintiff's repeated failure to do the same, this case should be dismissed in its entirety.

## III. Conclusion

For the foregoing reasons, the State of Ohio as an Interested Party respectfully requests that the Court dismiss this case in its entirety, certify pursuant to 42 U.S.C. §1915(a)(3) that an appeal cannot be taken in good faith, assess costs to Plaintiff, and award any other relief deemed necessary and just by the Court.

Respectfully submitted,

MICHAEL DeWINE (0009181)
Ohio Attorney General


s/ Mindy Worly
MINDY WORLY (0037395)
Principal Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 728-0161; Fax: (866) 474-4985
Mindy.Worly@OhioAttorneyGeneral.gov
*Trial Attorney for Interested Party, State of Ohio*

---

population did not lead to deprivations of essential food, medical care or sanitation, nor did it increase violence among inmates or create other conditions intolerable for prison confinement). Similarly, placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 117 L. Ed. 2d 156, 112 S. Ct. 995 (1992) (quoting *Rhodes*, 452 U.S. at 347). Therefore, while protective control inmates may lose certain privileges as a result of administrative segregation, this does not suggest they were denied basic human needs and requirements in violation of the Eighth Amendment. *Bradley v. Evans*, No. 98-5861, 2000 U.S. App. LEXIS 22403, at *25 (6th Cir. 2000).

## **CERTIFICATE OF SERVICE**

I certify that on November 19, 2018, a copy of the foregoing was filed electronically in the Court's CM/ECF system. Electronic notice of this filing will be sent to all parties by operation of the Court's system.

s/ Mindy Worly<br>
MINDY WORLY (0037395)<br>
Principal Assistant Attorney General