UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ted Palladeno, et al.,                              Case No. 3:18-cv-1352

         Plaintiffs,

    v.

                                                   MEMORANDUM OPINION
                                                          AND ORDER

Gary Mohr, et al.,

         Defendants.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Ted Palladeno, an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), initiated this litigation *pro se* in the United States District Court for the Southern District of Ohio. My colleague, U.S. District Judge Michael H. Watson, denied Palladeno's motions to certify the case as a class action and for a preliminary injunction and prisoner release orders. (Doc. No. 12). Judge Watson also denied Palladeno's subsequent motion for leave to amend the complaint to add additional plaintiffs. (Doc. No. 20).

Shortly thereafter, Palladeno obtained counsel, who filed the First Amended Complaint. (Doc. No. 24). The case then was transferred to the Northern District of Ohio and assigned to me. (Doc. No. 27; Doc. No. 28).

The First Amended Complaint contains 85 counts, ranging from alleged failures to provide adequate medical care and protect inmates from physical harm to complaints about the ODRC's decision to cease the sale of tobacco products through the commissary, and purportedly is filed on

behalf of 111 plaintiffs as "class representatives of all prisoners held in Ohio's Protective Control Units." (Doc. No. 24 at 12). At least four of these purported plaintiffs – Ariel Castro, Michael Ferrara, Jr., John Witt, and Walter Young – were deceased at the time Palladeno filed the First Amended Complaint.[1] (*Id.* at 12-14).

The First Amended Complaint indicates these 111 individuals were incarcerated at one of five different ODRC institutions during the relevant time period and includes 12 named Defendants and 99 John Doe defendants. (*Id.* at 14-17). The named Defendants include two former ODRC Directors, wardens for five different institutions, the chairperson of the Parole Board, the Chief of Bureau of Classification, the medical and mental health services directors, and the ODRC Chief Inspector.

Interested Party the State of Ohio has moved to dismiss the First Amended Complaint.[2] (Doc. No. 42). Palladeno filed an untimely brief in opposition to the motion, (Doc. No. 44), and the State of Ohio filed a brief in reply. (Doc. No. 45).

For the reasons stated below, the State of Ohio's motion is granted in part and denied in part and I dismiss the First Amended Complaint.

## II. ANALYSIS

### A. MISJOINDER

While the "joinder of claims, parties[,] and remedies is strongly encouraged," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the bases for joinder are not unlimited. "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or

---

[1] There is no indication any of the Plaintiffs have standing to bring suit on behalf of the deceased Plaintiffs. *See, e.g., Gant v. Bowles*, No. 3:05-0949, 2005 WL 2994443, at *1-2 (M.D. Tenn. Nov. 3, 2005).

[2] Despite having received five extensions of the deadline by which he was required to perfect service of his complaint – three of which came after the expiration of the previous deadline – the State of Ohio indicates Palladeno has not yet properly served any of the named Defendants.

in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  Plaintiffs must satisfy both of these requirements and a court has discretion to sever misjoined parties as long as the severance does not prejudice a party's substantial rights.  *Stojcevski v. Cnty of Macomb*, 143 F. Supp. 3d 675, 682 (E.D. Mich. 2015) (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997)).  A court may dismiss claims by or against a party following a motion or on its own.  Fed. R. Civ. P. 21; *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Palladeno fails to show all of the claims the 111 Plaintiffs seek to assert arise out of the "same series of transactions or occurrences." *Stojcevski*, 143 F. Supp. 3d at 682.  The Plaintiffs identify one common thread between them – they are or were held in a Protective Control Unit at an ODRC institution.  They do not allege which or how many of them were incarcerated in the same unit at the same time, much less that all Plaintiffs were affected by the same conduct in the same or substantially-similar ways.  *See id.* at 682-83; *Morgan v. Cohen*, No. 2:11-cv-11780, 2011 WL 2461470, at *3 (E.D. Mich. June 16, 2011).  Further, many of the First Amended Complaint's 85 counts fail to identify which Plaintiffs personally suffered harm as a result of a Defendant's alleged actions or how that alleged harm arose from common operative facts.  (Doc. No. 24 at 17-62).

Nor does Rule 23 help the Plaintiffs.  A plaintiff who seeks to serve as a class representative must make "an adequate statement of the basic facts" that meet Rule 23's requirements, including that the plaintiff "possess[es] the same interest and suffer[ed] the same injury." *Reeb v. Ohio Dep't of Rehab. & Correction*, 81 F. App'x 550, 555-57 (6th Cir. 2003) (citations omitted).  Moreover, the Plaintiffs must offer more than allegations that the Defendants violated their constitutional rights in order to establish a common question of law.  *Id.* at 557 ("[N]ot every common question will suffice

because, 'at a sufficiently abstract level of generalization, almost any set of claims . . . could display commonality.'" (quoting *Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir.1998))).

Despite the use of the collective term "Plaintiffs" throughout the First Amended Complaint, it is clear that individual questions predominate in this litigation. The Plaintiffs fail to assert a right to relief which arises out of the "<u>same</u> transaction, occurrence, or series of transactions or occurrences," or that "any question of law or fact <u>common to all plaintiffs</u> will arise in the action." Fed. R. Civ. P. 20(a)(1)(A) (emphasis added). Therefore, I dismiss all Plaintiffs other than Palladeno from this action as misjoined and dismiss their claims without prejudice. *See Morgan*, 2011 WL 2461470 at *4. I grant these Plaintiffs, (Doc. No. 24 at 12-14), leave to bring their individual claims in a new action within 120 days of the date of this opinion. No extensions of this deadline will be granted without a showing of good cause.

### B. Motion to Dismiss

A defendant may seek the dismissal of a plaintiff's complaint where the "plaintiff [fails to] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff seeking to bring a claim under 42 U.S.C. § 1983 must establish "<u>he</u> was deprived of a federal right by a person acting under color of state law." *Duncan v. Anderson Cnty, TN*, No. 3:20-cv-8-TAV-HBG, 2020 WL 249463, at *2 (E.D. Tenn. Jan. 16, 2020) (citing *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (emphasis added).

A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (reasserting the principle that a plaintiff must personally have suffered an actual or threatened injury from the defendant's allegedly illegal action). As I noted above, many of the counts in the First Amended Complaint allege only that "Plaintiffs" suffered harm, without any allegations that

4

Palladeno personally was harmed by the Defendants' alleged conduct. For this reason, to the extent Palladeno seeks relief as to these counts, I dismiss the following counts for lack of standing: Count 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85.

The counts that remain for Palladeno are: Count 2 (violation of Fourteenth Amendment due process rights), Count 3 (violation of First Amendment free speech rights and Eighth and Fourteenth Amendment rights), Count 5 (violation of Eighth Amendment rights), and Count 30 (violation of the Eighth and Fourteenth Amendments and the Americans with Disabilities Act).

**1. Count 2**

In Count 2, Palladeno alleges staff at the Toledo Correctional Institution ("ToCI") have "deliberately . . . impeded and/or blocked" his efforts to use the grievance system, in violation of his Fourteenth Amendment due process rights. (Doc. No. 24 at 18). This claim suffers from several problems, though it is sufficient to discuss two in resolving the State of Ohio's motion.

The first problem Palladeno faces is that he does not have a Fourteenth Amendment due process right to "unfettered access to prison grievance procedures," *Walker v. Michigan Department of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005), or to an effective grievance system. *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Palladeno cannot state a § 1983 claim related to his allegedly restricted access to the institutional grievance system without "the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The second problem is that, even if I were to assume Palladeno had plausibly alleged a violation of his constitutional rights, he fails to identify which defendant allegedly violated his rights. *Id.* (A § 1983 plaintiff "must show that the alleged deprivation was committed by a person acting

under color of state law."). Instead, Palladeno complains about the actions of the ToCI institutional grievance inspector, who is not one of the twelve named defendants, and generally alleges "Defendants" were deliberately indifferent to his right to use the grievance system. (Doc. No. 24 at 18). A plaintiff bringing a § 1983 claim must identify a defendant's specific actions or omissions which caused the alleged constitutional violation and may not rest solely on the allegation that a subordinate government official acted unconstitutionally. *See, e.g., Peatross v. City of Memphis*, 818 F.3d 233, 241-42 (6th Cir. 2016). Palladeno fails to do so and therefore he fails to state a claim upon which relief may be granted.

### 2. Count 3

In Count 3, Palladeno alleges he has "consistently been harassed, abused, and neglected after complaining about various issues at ToCI" through the grievance system. (Doc. No. 24 at 19). In order to state a First Amendment retaliation claim,[3] a plaintiff must prove: "(1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was taken at least in part because of the exercise of the protected conduct." *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999)).

Count 3 suffers from the same deficiency as Count 2. While Palladeno has a First Amendment right to file grievances against prison officials, he fails to identify which, if any, of the Defendants "harassed, abused, and neglected" him after he filed grievances. (Doc. No. 24 at 19). Without an identifiable decisionmaker, Palladeno cannot show the decisionmaker's "subjective

---

[3] Count 3 also includes allegations that other inmates were assaulted by their cellmates after filing grievances about double-celling in the Protective Control Unit, purportedly in violation of their Eighth and Fourteenth Amendment rights. (Doc. No. 24 at 19). These allegations do not apply to Palladeno and therefore I will not consider the hypothetical issue of whether an inmate might state a claim for retaliation under the Eighth and Fourteenth Amendments.

6

motivation" was to retaliate against him for his protected activity. *Smith*, 250 F.3d at 1038. Therefore, he fails to state a claim for retaliation in violation of the First Amendment.

### 3. Count 5

In Count 5, Palladeno asserts a claim for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments. He alleges he has a nerve condition which periodically causes his legs to go numb, resulting in falls. (Doc. No. 24 at 21-22). Palladeno states outside neurologists have prescribed medications for nerve pain as well as a walking cane and that he did not receive the medications and was not able to use the cane at ToCI, despite the ODRC having previously provided this treatment. (*Id.* at 21).

An inmate claiming prison officials violated the Eighth Amendment must show the officials acted with deliberate indifference to the inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The first part of the deliberate-indifference showing requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second part requires a showing that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

As the State of Ohio notes, Palladeno concedes "[t]he ODRC has treated his condition (on and off) for years," but refuses to provide a certain course of treatment recommended by an outside neurologist. (Doc. No. 24 at 21). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Even if I construe Palladeno's allegations as asserting the course of treatment he received equates to no treatment at all, he still fails to state a claim for deliberate indifference to his serious medical needs. Palladeno must show a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer*, 511 U.S. at 837).

Palladeno does not identify which defendant allegedly "discontinued" his prescribed course of treatment at ToCI. (Doc. No. 24 at 22). He cannot state a claim for relief without identifying an individual defendant who allegedly violated his rights, *West*, 487 U.S. at 48, and he cannot hold the ToCI warden liable under § 1983 simply through a theory of respondeat superior. *Peatross*, 818 F.3d at 241-42.

### 4. Count 30

In Count 30, Palladeno alleges staff at the Allen-Oakwood Correctional Institution violated the Eighth and Fourteenth Amendments, as well as the Americans with Disabilities Act, by placing Protective Control inmates with physical disabilities on the second floor because he and other disabled inmates would be unable to use the fire exit stairs in the event of a fire. (Doc. No. 24 at 35). He also claims his rights were violated because he was unable to use the law library, visiting room, or recreation areas during a six-month period when the elevator in the unit was being replaced. (*Id.*).

Palladeno's Eighth and Fourteenth Amendment claims are moot, as he no longer is incarcerated at Allen-Oakwood. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding claims for declaratory and injunctive relief become moot once an inmate no longer is incarcerated at the institution at which the alleged violation occurred). Palladeno cannot establish any claim for

8

monetary relief because he fails to allege he suffered actual harm; instead, he alleges only that the potential for harm existed.

Moreover, Palladeno fails to state a claim for violation of the ADA. Title II of the ADA prohibits a public entity, including a prison, from excluding a qualified person with a disability from participating in or receiving the benefits of the entity's programs and services. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998). To state a claim under Title II, Palladeno must show (1) he has a disability, (2) is otherwise qualified, and (3) is being excluded solely because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005).

Palladeno alleges only that he did not receive certain services the way other inmates did, not that he was excluded from services. (*See* Doc. No. 24 at 35 (Palladeno was "required to have medications and meals brought to [his cell] during the roughly six-month period when the elevator was being replaced.")). He does not allege that he did not have access to legal materials or could not participate in visitation through other means. Therefore, he fails to state a claim for relief under the ADA.

### III. CONCLUSION

For the reasons stated above:

(1) The motion to dismiss filed by Interested Party the State of Ohio, (Doc. No. 42), is granted in part and denied in part. The State of Ohio's motion to dismiss for want of prosecution, (Doc. No. 33), is denied;

(2) All claims brought by plaintiffs other than Palladeno are dismissed for misjoinder, pursuant to Rule 20 and Rule 21. (*See* Doc. No. 24 at 12-14). These plaintiffs are granted leave to file new complaints asserting their individuals claims within 120 days of this opinion. No extensions of this deadline will be permitted without a showing of good cause;

(3) Counts 1, 4, 6-29, and 31-85, to the extent Palladeno seeks relief related to those counts, are dismissed for failure to allege harm personal to Palladeno;

(4) Counts 2, 3, 5, and 30, to the extent Palladeno asserts a claim for relief in those counts, are dismissed for failure to state a claim.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

10